

# IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| TONYA DE LA CRUZ, | ) |
| Plaintiff, | ) No. CJ CS-2017-122 |
| v. | ) |
| ZURICH AMERICAN INSURANCE COMPANY, a foreign for-profit corporation, | ) STATE OF OKLAHOMA } S.S.<br>) CLEVELAND COUNTY }<br>) FILED<br>) JAN 3 1 2017 |
| Defendant. | ) |

**PETITION**

In the office of the Court Clerk MARILYN WILLIAMS

COMES NOW the Plaintiff, Tonya De La Cruz, individually (hereinafter Plaintiff) for her cause of action against the Defendant, Zurich American Insurance Company, (hereinafter Defendant) and states as follows:

### Jurisdiction and Venue

1. Plaintiff is a citizen and resident of Cleveland County, Oklahoma.

2. Defendant is a foreign for-profit corporation doing business in Oklahoma.

3. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

### Underlying Facts

4. Plaintiff was involved in a motor vehicle accident on November 14th, 2013, in which she incurred significant property damage and personal injury resulting in medical bills of $26,088.59.

5. On March 9th, 2015, the insurance provider of the driver at fault, GEICO Casualty Company, put forth to Plaintiff a settlement agreement offering the policy limits of $25,000.00 per person/$50,000.00 per accident.

6. The tortfeasor, non-party Cody Richard, was an underinsured motorist.

7. On March 16th, 2015, Plaintiff notified, by letter, her insurance provider of the liability carrier's offer, and demanded Defendant either substitute payment or provide a waiver of subrogation. Defendant received the letter on March 27th, 2015.

8. On April 1st, 2015, Plaintiff received a letter from the liability carrier requesting acceptance or denial of their offer. Plaintiff could not accept or decline given the utter lack of response from her insurance provider. Over the next couple weeks, Plaintiff left two (2) voicemails at Defendant's office, regarding waiver of subrogation and Plaintiff's demand.

9. On April 22nd, 2015, Defendant emailed Plaintiff, promising to work the claim up and call Plaintiff the next day. This did not happen. Plaintiff emailed Defendant about a month later requesting cooperation in the matter. A couple days later, Defendant responded that the claim would be worked up that day. This did not happen.

10. On June 9th, 2015, Plaintiff again emailed Defendant requesting cooperation in the matter. Exactly one week later, Defendant called Plaintiff, stating that the claim would be worked up that very day. On that same day, Plaintiff once again emailed Defendant requesting a waiver of subrogation. Again, there was no response from Defendant. On June 30th, 2015, Plaintiff again asked for a waiver, with no response.

11. On July 8th, 2015, Plaintiff sent a letter to Defendant demanding that the insured be treated in good faith, but received nothing. Over the next two weeks, Plaintiff emailed Defendant requesting cooperation in the matter. Again, nothing was the response. On July 23rd, 2015, Plaintiff sent another letter to Defendant on the same matter. Plaintiff received no response.

12. On August 12th, 2016, Plaintiff sent a final letter to Defendant explaining the requirement to handle this case with good faith. Again, Plaintiff received no response from Defendant.

## Causes of Action

### I.
### Breach of the Implied Covenant of Good Faith and Fair Dealing

13. Plaintiff re-alleges and adopts the allegations set forth in paragraphs 1 through 12.

14. Defendant Zurich American Insurance Company breached the implied covenant of good faith and fair dealing by failing to reasonably investigate, evaluate and thereafter agree to either substitute payment or provide a waiver of subrogation, by, among other things:

   a. ignoring Plaintiff's repeated requests for compliance in the matter;

   b. falsely representing that Plaintiff's claim would promptly be dealt with

   c. failing to evaluate the claim once being notified of the liability carrier's settlement offer; and

   d. leaving Plaintiff unable to accept said settlement offer.

15. Because of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered contractual damages in excess of $75,000.00. Plaintiff has otherwise been unable to accept the liability carrier's settlement offer and is left with unpaid bills totaling approximately $26,088.59.

### II.
### Breach of Contract

16. Plaintiff re-alleges and adopts the allegations set forth in paragraphs 1 through 15.

17. Defendant breached the insuring agreement by, wrongfully and without just cause, failing to cooperate with Plaintiff regarding the damages she sustained in the motor vehicle accident on November 14th, 2013.

18. Because of the breach of contract, Plaintiff has suffered damage in excess of $75,000.00. Plaintiff has otherwise been unable to accept the settlement offer of the liability insurance company.

## DMENAD FOR JURY TRIAL

19. Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

20. Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff respectfully requests that she be granted judgment against Defendant in an amount in excess of $75,000.00; that she be awarded punitive damages in an amount equal to twice that actual value; and that she further be awarded all attorney fees and costs incurred in prosecuting this action.

Respectfully submitted,

LAIRD, HAMMONS, LAIRD, PLLC

_____
Chris Hammons, OBA #20233
Jason Hicks, OBA #22176
LAIRD, HAMMONS, LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
Telephone:  (405) 703-4567
Facsimile:   (405) 703-4061
E-mail: chris@lhllaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**